# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**MAURICE E. HOLLOMAN,**

    **Plaintiff,**

**vs.**                                                             **Case No. 5:05cv22-RH/WCS**

**MELISSA G. McDONALD, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate has filed a motion seeking leave to proceed *in forma pauperis* on appeal and a financial affidavit. Docs. 9 and 10. Plaintiff's filing of those documents prompted a more full and complete review of this file and Plaintiff's litigation history.

As pertains to this file, it is noted that at the time of case initiation on January 26, 2005, Plaintiff filed only the civil rights complaint. Doc. 1. Thus, an order was issued on February 1, 2005, directing Plaintiff to either pay the filing fee (which at the time was still $150.00) for this case, or file a motion seeking leave to proceed *in forma pauperis*. Doc. 3. The order gave Plaintiff until March 2, 2005, to comply with that order or,

alternatively, he could file a notice of voluntary dismissal under FED. R. CIV. P. 41(a). *Id.* On February 10, 2005, Plaintiff filed a motion requesting that the filing fee which he had paid in another case in this court be treated as the filing fee in this case because the other case had recently been dismissed. Doc. 4. Plaintiff's motion was denied, doc. 5, and Plaintiff was advised that he must pay a filing fee for each case he initiates.

Plaintiff then filed a notice of appeal to the Eleventh Circuit Court of Appeals of the first order, doc. 3, which required Plaintiff to pay the filing fee for this proceeding. Doc. 6. Prior to issuance of any further orders, Plaintiff also filed a motion seeking leave to proceed *in forma pauperis* on appeal and a financial affidavit. Docs. 9 and 10. Plaintiff has clearly indicated that he intends the *in forma pauperis* motion to be for the appeal. Thus, it is not in compliance with the prior court order.

Plaintiff's *in forma pauperis* motion for the Eleventh Circuit should be denied. Additionally, upon the more complete review for this case, Plaintiff should not be allowed to proceed *in forma pauperis* in this case either.

Because Plaintiff had neither filed an *in forma pauperis* motion for this case nor paid the filing fee, his complaint was not reviewed prior to issuance of that first order. At this point, however, a cursory review has been made. Plaintiff's complaint is signed under penalty of perjury. Doc. 1. Plaintiff states that he has not filed any other actions in federal court dealing with the same or similar facts involved in this case. Doc. 1, p. 5. That is untrue. This action is nearly identical to a case Plaintiff filed in this court on August 23, 2004. Plaintiff initiated case 5:04cv211-SPM/EMT in the Panama City Division against the Defendant named in this case. Plaintiff alleged discrimination against black inmates who are not allowed to work in the law library, retaliation against

Plaintiff because of his grievances, and a false disciplinary report based on insufficient evidence. Doc. 1, case 5:04cv211. That case was ultimately dismissed on January 11, 2005, for Plaintiff's failure to honestly disclose all prior cases. Docs. 19, 21 of case 5:04cv211. Plaintiff's complaint in this case, filed on January 26, 2005, presents an almost identical statement of facts. Doc. 1. Plaintiff raises the same claims and it is undeniably a case based on the "same or similar facts/issues [as are] involved in this action" Plaintiff's untruthfulness about that question warrants the same dismissal of this case as he received in that case. It is especially troubling because Plaintiff so recently suffered consequences for being dishonest in filing a complaint. This action is malicious and Plaintiff has intentionally attempted to deceive this Court.

Moreover, Plaintiff also specifically identifies only one case as having been previously dismissed in *federal court* as frivolous, malicious, failing to state a claim, or prior to service. Doc. 1, p. 6. The case identified was 99-cv-17 by Judge G. Kendall Sharp, dismissed as "frivolous or fail to state claim." *Id.* Plaintiff does not identify, specifically, other cases but he does provide this less-than-informative list:

- Case in the Orlando Division against Harry K. Singletary dismissed by Judge G. Kendall Sharp; dismissed allegedly because counsel was ineffective; Plaintiff is uncertain of case number, filing date, or dismissal date. (More than likely this was a habeas petition due to Plaintiff's assertion of ineffective assistance of counsel.)

- Case in the Orlando Division against Pamela Joy Smith dismissed by Judge G. Kendall Sharp but Plaintiff is allegedly uncertain as to the reason for dismissal. Plaintiff is also uncertain of case number, filing date, or dismissal date.

- Case in the Tampa Division against Koonce, et al., dismissed by an unknown Judge for failure to exhaust administrative remedies. Plaintiff is uncertain of case number, filing date, or dismissal date.

- Case in the Tampa Division against Lori Vanderhei, et al., dismissed by an unknown Judge. Plaintiff is uncertain of case number, filing date, dismissal date, or the reason for dismissal.

- Plaintiff's final case acknowledgment is for a mandamus action. He does not recall the defendant, the Judge, the case number, filing date, dismissal date, or the reason for dismissal. Plaintiff indicates it was in the Orlando Division, the Eleventh Circuit, and possibly the U.S. Supreme Court.

Doc. 1, pp. 7-8.

So as to enable Plaintiff to make more complete disclosures in the future, this Court has located the following cases as having been dismissed in the federal courts.

- Case 5:04cv211-SPM/EMT, Holloman v. McDonald, et al., dismissed in this Court as malicious because Plaintiff failed to list other cases he had filed. Case was dismissed in January, 2005, just prior to Plaintiff's initiation of this identical case.

- Case 8:99cv365 was dismissed for failure to exhaust administrative remedies on April 13, 1999.

- Case 6:99cv411, Holloman v. Smith, et al., was dismissed with prejudice prior to service.[1]

- Case 6:99cv17, Holloman v. Stroker, et al., was dismissed as frivolous on October 19, 1999. Moreover, Plaintiff filed an appeal in that case which was also dismissed as frivolous on October 12, 2000, and again on January 8, 2001.

- As for Plaintiff's acknowledgment of the mandamus action, that would appear to be case 6:04cv1408, Holloman v. Stroker, et al., a petition for writ of mandamus. The case was dismissed on December 21, 1998, prior to service, just a few days after case initiation on December 14, 1998.

The information obtained from the list of cases above reveals that Plaintiff has had more than three cases dismissed for reasons which, under § 1915(e)(2), count as strikes and which bar his current and future ability to be granted *in forma pauperis* status under §

---

[1] Although the court lists Plaintiff's inmate number as 096030 in that case, this certainly appears to be the Plaintiff before this case whose inmate number is 096930.

1915(g). Plaintiff is, accordingly, not entitled to *in forma pauperis* status pursuant to § 1915(g).[2]

As noted above, Plaintiff's claims in this case do not bring him within the "imminent danger of serious physical injury" exception. Thus, because Plaintiff has not paid the filing fee at the time of case initiation and he has had more than three prior dismissals under § 1915(e), this action should be dismissed and his motion requesting leave to proceed *in forma pauperis* on appeal, docs. 9 and 10, must be denied. The dismissal of this case should be without prejudice to Plaintiff presenting his allegations in a complaint for which he pays the full $250.00 filing fee at the time of filing the complaint. *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

An additional comment is warranted by way of explanation to Plaintiff. Despite Plaintiff's having filed the notice of appeal, this Court has not been deprived of jurisdiction. An order that disposes of fewer than all the claims of the parties to an action is not final or immediately appealable to the Court of Appeals *unless* the district court certifies the order for immediate appeal pursuant to Fed. R. Civ. Proc. 54(b). *See* 28 U.S.C. § 1291; Williams v. Bishop, 732 F.2d 885, 885-886 (11th Cir. 1984). No such certification was ordered; indeed, Plaintiff did not even file an objection to the District

---

[2] That statute provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Judge such that this case had proceeded no further than magistrate review at case initiation.  The prior order was not a final order and did not dispose of Plaintiff's claims.  Therefore, Plaintiff's attempted interlocutory appeal is invalid, this Court did not lose jurisdiction, and the Eleventh Circuit Court of Appeals did not acquire jurisdiction.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* on appeal, docs. 9 and 10, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** because Plaintiff did not pay the filing fee at case initiation and he is not entitled to *in forma pauperis* status, and because Plaintiff failed to honestly complete the civil rights complaint form.

**IN CHAMBERS** at Tallahassee, Florida, on March 21, 2005.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**